IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam, | C/A No.: 3:13-1682-TLW-SVH |
| Plaintiff, | |
| vs. | |
| Janice Thomas, RN; Dr. NFN Reddy; Dr. NFN McDonald; Disha Dave, Social Worker; Dr. Jose Chavez; Dr. Crispland Grinn; Mr. NFN James, MHS; Kia Wilson; and Carla NLN, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Leo McClam, proceeding pro se and in forma pauperis, brings this civil action against individuals allegedly responsible for his commitment to the South Carolina Department of Mental Health ("SCDMH") and/or detention at Just Care (collectively "Defendants").[1]  [Entry #18-1 at 2, 4]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.  For the reasons that follow, the undersigned recommends the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

---

[1] Just Care, also known as the Columbia Regional Care Center, is a private detention healthcare facility located in Columbia, South Carolina. *See* http://www.geocarellc.com/Locations/ColumbiaRegionalCareCenter.aspx (last visited August 29, 2013).

I.      Factual and Procedural Background

Plaintiff's original complaint failed to request any relief or fully identify several defendants. Therefore, the court issued an order on June 25, 2013, allowing Plaintiff an opportunity to provide information necessary for initial review and possible service of process in this case. [Entry #7]. Plaintiff partially complied with the order and requested leave to amend his complaint. [Entry #12]. On August 2, 2013, the court issued an order providing Plaintiff an opportunity to file an amended complaint. [Entry #14]. Plaintiff complied with the order and filed an amended complaint on August 16, 2013.[2] [Entry #18].

Plaintiff indicates that he has been committed to the custody of the SCDMH since February 5, 2012. [Entry #18-1 at 4]. Plaintiff alleges that Defendants did not provide an "independent evaluation by law" prior to his commitment and that they presented untruthful information regarding his registration as a sexual predator in Florence County. *Id.* Plaintiff further claims Defendants starved him on March 5, 2013, and March 20, 2013, when they failed to contact the "kitchen to get [Plaintiff] double portions." *Id.* Plaintiff states Defendants show "unprofessionalism on the job." *Id.* Plaintiff seeks release from custody, expungement of his criminal record, monetary damages, and an independent evaluation.[3] [Entry #18 at 2; Entry #18-1 at 8, 10].

---

[2] To give liberal construction to the pleadings, Plaintiff's original complaint has been appended to his amended complaint as an attachment. [Entry #18-1].

[3] To the extent Plaintiff seeks to challenge his criminal record and secure release from SCDMH custody, such relief is not available under § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a petitioner who challenges the fact or duration of his confinement and seeks immediate or speedier

II.     Discussion

    A.     Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could

---

release).

prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Plaintiff does not expressly reference the Constitution or its Amendments in this case. However, Plaintiff alleges that he is in the custody of a state agency and names Defendants who appear to be employees of the facility in which Plaintiff is detained. Therefore, Plaintiff's pleadings have been construed as a complaint filed pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

1.    Illegal commitment

As an initial matter, Plaintiff fails to provide any personal allegations against the individuals listed in this case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (finding "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Further, Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se

4

complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim.  *See Iqbal*, 556 U.S. at 677–78; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Iqbal,* 556 U.S. at 678–79; *Twombly*, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555.  In the present case, Plaintiff provides no factual support for his allegation that Defendants failed to provide an independent evaluation or truthful information during the commitment process.

        2.       Denial of double food portions

The Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'"  *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993)).  "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement."  *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

In the present case, Plaintiff alleges a deprivation of double food portions on two occasions.  However, he fails to demonstrate the extreme deprivation of any basic human

need. *Shakka*, 71 F.3d at 166. Further, Plaintiff presents no allegation of physical or emotional injury. *Strickler*, 989 F.2d at 1381 (holding "plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions"). Therefore, to the extent Plaintiff alleges cruel and unusual punishment, such a claim is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the amended complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 3, 2013                                          Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).