IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Leo McClam, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:13-cv-01682-TLW |
| ) | |
| Janice Thomas, RN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER**

Plaintiff, Leo McClam ("Plaintiff"), brought this civil action, *pro se*, pursuant to 42 U.S.C. § 1983 against individuals allegedly responsible for his commitment to the South Carolina Department of Mental Health and/or detention at Just Care (collectively the "Defendants") on June 20, 2013, and filed an amended complaint on August 16, 2013. (Docs. #1; 18).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on September 3, 2013 by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (DSC). (Doc. #22). In the Report, the Magistrate Judge recommends that this Court dismiss the above-captioned case without prejudice and without issuance and service of process. (Doc. #22). The Plaintiff filed Objections to the Report on September 9, 2013. (Doc. #27).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in

whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de</u> <u>novo</u>, the Report, the Plaintiff's Objections thereto, and all other relevant filings. After careful consideration, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation. (Doc. #22). Accordingly, for the reasons articulated by the Magistrate Judge, **IT IS HEREBY ORDERED** that this case is **DISMISSED** in its entirety without prejudice and without issuance and service of process.[1]

**IT IS SO ORDERED**.

    s/Terry L. Wooten____
TERRY L. WOOTEN
Chief United States District Judge

July 30, 2014
Columbia, South Carolina

---

[1] It is further **ORDERED** that the Plaintiff's Motions to Amend (Docs. #24, 29, 31, 32, 33, 34, 35, 36, 38, 40), Motion for a Hearing (Doc. #26), and Motion to Order Removal (Doc. #39) are hereby **DENIED**.